**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRUCE CHAMBLESS,**

    **Plaintiff,**

v.                                                                          Case No: 8:11-cv-2038-T-26AEP

**FLORIDA BAPTIST CHILDREN'S**
**HOMES, INC., d/b/a SONSHINE**
**PROTECTED HARBOR GROUP**
**HOME,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of Settlement. (Dkt. 50) The Parties request that the Court approve the settlement of Plaintiffs' Fair Labor Standards Act claims and dismiss this action with prejudice.

A claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must

determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Plaintiffs were employed by Defendant as house parents at two group homes for the developmentally disabled – Sonshine Home and Protected Harbor. (Dkt. 2) On August 9, 2011, Plaintiffs Bruce Chambless, Susan Chambless, Rolland McCann, and Sharyn McCann individually filed actions alleging FLSA overtime pay violations in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. On September 8, 2011, Defendant removed their actions to this Court. (Dkt. 1) On January 17, 2012, Plaintiffs Janet Dudley and Jerome Dudley filed similar actions in this Court. On February 10, 2012, the Court consolidated all of Plaintiffs' actions. (Dkt. 16) Each of the Plaintiffs alleged that Defendant did not compensate them for overtime hours worked, in violation of FLSA. See (Dkt. 2) Defendant denied the allegations and asserted several affirmative defenses in response to Plaintiffs' allegations. (Dkt. 5) On July 18, 2014, the Parties advised that they reached an agreement to resolve the dispute. (Dkt. 48)

In exchange for, inter alia, a release from all liability, Defendant has agreed to pay the following FLSA Settlement Payment:

1. $64,722.72 (less applicable tax withholding) to Bruce Chambless for all unpaid overtime wages owed to him.

2. $62,123.08 (less applicable tax withholding) to Susan Chambless for all unpaid overtime wages owed to her.

3. $18,881.44 (less applicable tax withholding) to Rolland McCann for all unpaid overtime wages owed to him.

4. $19,147.44 (less applicable tax withholding) to Sharyn McCann for all unpaid overtime wages owed to her.

5. $25,522.32 (less applicable tax withholding) to Jerome Dudley for all unpaid overtime wages owed to him.

6. $27,423.84 (less applicable tax withholding) to Janet Dudley for all unpaid overtime wages owed to her.

The amounts owed to Plaintiffs were calculated by reviewing each Plaintiff's time sheets, which showed the number of hours worked, and then multiplying the number of hours in excess of forty hours per week by one and one-half times their regular rate of pay for a two year period.  (Id. at 2)

Defendant also has agreed to pay $59,552.93 to Miles & Parrish and $16,030.27 to Smith, Feddeler & Smith, P.A. for the Plaintiffs' reasonable attorneys' fees and costs incurred in the prosecution of this action.  (Dkt. 50, Ex. A. at 2-3)  The Parties separately negotiated the fees to be paid to Plaintiffs' counsel.  (Id.)  The Parties agree "that the settlement is thus a fair and reasonable resolution" to this action.  (Dkt. 50 at 3)

Upon review of the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. However, the Court's approval of this Settlement Agreement in no way alters any Party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1. The Parties' Joint Motion for Approval of Settlement (Dkt. 50) is **GRANTED**.

2. The Settlement Agreement (Dkt. 50, Ex. A) is **APPROVED** and shall **GOVERN** the Parties' conduct in the settlement of this civil action.

3. The Defendant shall disburse the FLSA Settlement Payment, including attorney's fees and costs as set forth herein and in Section I of the Parties' Settlement Agreement and Release.

4. This case is **DISMISSED WITH PREJUDICE**. Each Party shall bear its own legal fees and costs, except as specified in the Parties' Settlement Agreement and Release. **No retainer agreement between the Plaintiffs and counsel shall override or alter the amount of settlement proceeds due to the Plaintiffs in accordance with the terms of the Settlement Agreement and Release as approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of September 2014

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties